IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MERCEDES NEWKIRK,

    Plaintiff,

v.                                            CIVIL ACTION NO. __5:17-cv-03165__

THE SHERWIN-WILLIAMS COMPANY
and JANE DOE, INC.,

    Defendants.

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Defendant The Sherwin-Williams Company (hereinafter, "Sherwin-Williams"), by counsel, hereby notifies this Court of the removal of the above-captioned action, currently pending in the Circuit Court of Raleigh County, West Virginia, under Civil Action No. 17-C-254, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Notice is based upon the following grounds:

    1.    Plaintiff Mercedes Newkirk ("Plaintiff") filed the above-captioned civil action on or about April 28, 2017. True and correct copies of the Summons and Complaint served upon Sherwin-Williams are attached hereto as Exhibits 1 and 2, respectively. These documents constitute the only process, pleadings, or orders that have been filed in this action to date.

    2.    In accordance with Local Rule of Civil Procedure 3.4(b), a true and correct copy of the docket sheet for Civil Action No. 17-C-254 is attached hereto as Exhibit 3.

    3.    Plaintiff served process on the West Virginia Secretary of State on May 5, 2017. The West Virginia Secretary of State then forwarded the Summons and Complaint to Sherwin-

Williams by certified mail. Sherwin-Williams received them on May 10, 2017. Service of process information, as found on the West Virginia Secretary of State's website, is attached hereto as Exhibit 4.

4. Removal of the above-captioned action is timely, as this Notice is filed within thirty (30) days of service of the Complaint on the West Virginia Secretary of State. *See* 28 U.S.C. § 1446(b)(1).

5. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship, because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Plaintiff is a citizen and resident of Fayette County, West Virginia. (Ex. 2 at ¶ 1.)

8. Sherwin-Williams is an Ohio corporation with its principal place of business in Cleveland, Ohio. (*See* Ex. 5, W. Va. Sec. of State information for The Sherwin-Williams Company.) Plaintiff acknowledges in the Complaint that Sherwin-Williams is a foreign corporation. (Ex. 2 at ¶ 2.)

9. In "determining whether a federal court possesses subject matter jurisdiction based on diversity of citizenship, a corporation is 'deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Columbia Gas Transmission Corp. v. Burdette Realty Imp., Inc.*, 102 F. Supp. 2d 673, 675 (S.D.W. Va. 2000) (quoting 28 U.S.C. § 1332(c)(1)).

10. The residency of the fictitious defendant Jane Doe, Inc. is disregarded for purposes of determining diversity of the parties. *See* 28 U.S.C. § 1441(b)(1) ("In determining

whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006); *Flores v. Ethicon, Inc.*, 563 Fed. Appx. 266, 267 n.2 (4th Cir. 2014); *Dobbs v. JBC of Norfolk, VA Inc.*, 521 F. Supp. 2d 531, 532 (E.D. Va. 2007); *Brown v. Davis H. Elliot Constr. Co., Inc.*, 2:16-CV-12748, 2017 WL 1102592, *2 n.3 (S.D.W. Va. Mar. 23, 2017) ("The Court notes that although the Complaint alleges the John Doe defendant is a 'resident' of West Virginia, the citizenship of a fictitious defendant does not defeat diversity.").

11. Accordingly, there is complete diversity among those parties which may be considered in determining jurisdiction.

12. Moreover, consent to removal is not required from Jane Doe, Inc. *See Doughtery, Clifford & Wadsworth, Corp. v. Magna Group, Inc.*, CIV. 07-1068HAA, 2007 WL 2579406, *3 (D.N.J. June 19, 2007) (citing *McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043, 1045 n.5 (E.D. Pa. 1989)) ("[I]t is well established that removal generally requires unanimity among the defendants[;] . . . [but] [t]he unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined.")

13. Section 1332(a) further requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

14. Although Plaintiff's Complaint does not specify the precise dollar amount of damages sought, the total jurisdictional amount in controversy is clearly met in this case. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) ("If removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the

amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not permit demand for a specific sum . . . .").

    a.    Plaintiff asserts two claims for personal injury in the Complaint: (1) a negligence claim against Jane Doe, Inc., and (2) a "deliberate intent" claim against Sherwin-Williams. (Ex. 2.) Plaintiff alleges that the actions and/or omissions of the defendants "caus[ed] severe and permanent injuries, including, but not limited to a closed head injury[,]" which has "resulted in great pain and suffering to mind and body." (*Id.* at ¶¶ 27, 36.) Plaintiff further alleges to have "endured medical procedures, medications and incurred medical expenses, lost wages and loss of enjoyment of life and will continue to suffer these damages in the future." (*Id.*)

    b.    Plaintiff prays for numerous and divers damages in the Complaint, including:

        i.    Past and future medical expenses;

        ii.    Past and future pain and suffering, loss of ability to enjoy life, emotional distress, mental anguish, annoyance, and inconvenience;

        iii.    Past and future lost wages;

        iv.    Physical scarring and disfigurement;

        v.    Punitive damages; and

        vi.    Attorneys' fees and expenses.

(*Id.* at pp. 6-7.)

    c.    "[T]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Patton v. Fifth Third Bank*, 2:05-CV-0790, 2006 WL 771924, *1

(S.D.W. Va. Mar. 24, 2006) (quoting *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D.W. Va. 1999)). "In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy." *Patton*, 2006 WL 771924 at *2. A request for punitive damages "inevitably inflates a plaintiff's potential recovery[.]" *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D.W. Va. 2000).

   d. "A defendant's notice of removal is not required to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Martin v. Moody*, 2:16-CV-06788, 2016 WL 5329609, *2 (S.D.W. Va. Sept. 21, 2016). "[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332 . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (internal quotations omitted)).

   e. Here, Plaintiff alleges serious bodily injury and seeks damages, both past and future, for the alleged pain and suffering, emotional and mental distress, and medical expenses associated therewith. This Court has recognized the impact of such alleged damages on a defendant's ability to establish the "amount in controversy" needed for removal. *See Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D.W. Va. 2007) (quoting *Campbell v. Rests. First/Neighborhood Rest. Inc.*, 303 F. Supp. 2d 797, 799 (S.D.W. Va. 2004)) (noting that "claims for 'serious bodily injury,' 'tremendous pain and suffering,' 'loss of earning capacity,' and 'loss of ability to enjoy life' support Defendants' [removal] argument[,]" and "consider[ing] the additional elements of pain

and suffering and future damages, one can easily conclude the amount in controversy is satisfied"). Sherwin-Williams further notes that, in a West Virginia case involving a "closed head injury" like that alleged here, the jury awarded $70,000 for pain and suffering alone. *See Sampson v. WTOV Inc.*, 5:05-cv-00015, 2005 WL 6750905, JVR No. 1201170001 (N.D.W. Va. Oct. 1, 2005).

   f. Plaintiff's alleged past and future lost wages further push the amount in controversy over the $75,000 threshold. At this time, Sherwin-Williams understands that Plaintiff was earning nearly $2,000 per month in gross wages at the time of her injury and that she has not returned to her position in the two-plus years since the injury. Plaintiff's prayer for lost wages, then, amounts to at least approximately $48,000.

   g. Based on the foregoing, it is more likely than not that the amount in controversy in this matter exceeds $75,000. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B).

15. In sum, this Court has diversity jurisdiction over this action because the pertinent parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Furthermore, removal of this action is proper pursuant to 28 U.S.C. § 1441.

16. This Court is the District Court embracing Raleigh County, West Virginia, where the action is currently pending. *See* L. R. Civ. P. 77.2.

17. In accordance with Federal Rule of Civil Procedure 7.1, a corporate disclosure statement for Sherwin-Williams is attached hereto as Exhibit 6.

18. True and correct copies of this Notice, together with attached exhibits, and a "Notice of Removal of this Action to Federal Court" directed to the Circuit Court of Raleigh

County, West Virginia, are being served upon Plaintiff's counsel and filed with the Clerk of the Raleigh County Circuit Court, in accordance with the provisions of 28 U.S.C. § 1446(d). A copy of the "Notice of Removal of this Action to Federal Court" is attached hereto as Exhibit 7.

WHEREFORE, Defendant The Sherwin-Williams Company files this Notice of Removal so that the above-captioned action, currently pending in the Circuit Court of Raleigh County, West Virginia, under the Civil Action No. 17-C-254, may be removed to this Court for all further proceedings.

**THE SHERWIN-WILLIAMS COMPANY**

**By: Spilman Thomas & Battle, PLLC**

/s/ Eric E. Kinder
Eric E. Kinder (WV State Bar #8817)
Keith D. Fisher (WV State Bar #11346)
300 Kanawha Blvd. East (Zip 25301)
P.O. Box 273
Charleston, WV 25321
(304) 340-3800
(304) 340-3801 (Facsimile)
ekinder@spilmanlaw.com
kfisher@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MERCEDES NEWKIRK,

    Plaintiff,

v.                                    CIVIL ACTION NO. _____

THE SHERWIN-WILLIAMS COMPANY
and JANE DOE, INC.,

    Defendants.

## CERTIFICATE OF SERVICE

I, Eric E. Kinder, counsel for The Sherwin-Williams Company, hereby certify that, on June 5, 2017, I electronically filed the foregoing **"Notice of Removal"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

    Brian L. Ooten, Esquire
    Shaffer & Shaffer, PLLC
    330 State Street
    P.O. Box 38
    Madison, WV 25130
    *Counsel for Plaintiff*

    /s/ Eric E. Kinder
    Eric E. Kinder (WV State Bar #8817)