IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MERCEDES NEWKIRK,

    Plaintiff,

vs.

CIVIL ACTION NO. 17-C-254

JUDGE AGD

THE SHERWIN-WILLIAMS COMPANY and
JANE DOE, INC.,

    Defendants.

RALEIGH COUNTY
RECEIVED AND FILED
APR 28 2017
PAUL H FLANAGAN
CIRCUIT CLERK

## COMPLAINT

Comes now the plaintiff, Mercedes Newkirk, by and through counsel, Brian L. Ooten and the law firm of Shaffer & Shaffer, PLLC, and for her Complaint against the defendants, states and alleges as follows:

### PARTIES

1. At all times relevant herein, plaintiff is and was a citizen and resident of Beards Fork, Fayette County, West Virginia.

2. At all times relevant herein, The Sherwin-Williams Company (hereinafter "Sherwin-Williams") was an Ohio corporation qualified to conduct business in the State of West Virginia, and which actually conducted business in the State of West Virginia, including Raleigh County.

3. Upon information and belief, at all times relevant herein, Jane Doe, Inc. (hereinafter "Jane Doe") was a West Virginia corporation, limited liability company, partnership or sole proprietorship engaged in the business of marketing, selling and/or installing carpet, which conducted business in the State of West Virginia, including Raleigh County and maintained an office in or near Beckley, Raleigh County, West Virginia.

EXHIBIT 2

## JURISDICTION & VENUE

4. This Court has jurisdiction and venue over this action because 1) upon information and belief, Defendant Jane Doe is chartered in this state and maintains an office in or near Beckley, Raleigh County, West Virginia; 2) defendants conduct business in the State of West Virginia, including Raleigh County; and, 3) because the personal injuries sustained herein were sustained in Raleigh County, West Virginia, as a result of the defendants' actions/inactions, which also occurred in Raleigh County, West Virginia.

## BACKGROUND

9. Defendant Sherwin-Williams operates retail paint stores throughout the country, including West Virginia.

10. At all times relevant herein, Plaintiff Mercedes Newkirk was employed by Defendant Sherwin-Williams as a sales associate at Sherwin-Williams' Beckley, West Virginia paint store also known as Sherwin-Williams Paint Store: Beckley #1216, located at 25 By Pass Plaza Shopping Center, Beckley, West Virginia 25801-2209 (hereinafter "the paint store").

11. Upon information and belief, at all times relevant herein, Defendant Jane Doe was a West Virginia corporation, limited liability company, partnership or sole proprietorship engaged in the business of marketing, selling and/or installing carpet.

12. Upon information and belief, Defendant Jane Doe maintained an office in or near Beckley, Raleigh County, West Virginia.

13. Upon information and belief, Defendant Jane Doe had a business relationship with Defendant Sherwin-Williams and, more specifically, with Defendant Sherwin-Williams' Beckley, West Virginia paint store described above.

14. Upon information and belief, the relationship between Defendant Sherwin-Williams and Defendant Jane Doe was such that employees of Jane Doe visited the paint store and entered the storage room area.

15. At all times relevant herein, upon information and belief, the defendants, or at least some of them, were engaged in a joint venture for profit or other mutual benefits.

16. At all times relevant herein, upon information and belief, the defendants, or at least some of them, were also engaged in a joint enterprise for mutual benefits.

17. On or about May 1, 2015, while in the course and scope of her employment as a sales associate at the paint store, Plaintiff Mercedes Newkirk was called to the storage room to bring towels to help clean up spilled paint.

18. Prior to plaintiff being called to the storage room, upon information and belief, several representatives and/or employees of Defendant Jane Doe were in the storage room of the paint store.

19. At all times relevant herein and prior to plaintiff being called to the storage room, upon information and belief, at least one of the representatives and/or employees of Defendant Jane Doe operated a forklift owned and maintained by Defendant Sherwin-Williams (hereinafter "the forklift").

20. Prior to plaintiff being called to the storage room, the forklift was parked with the forks suspended in the air.

21. While attempting to help clean up the spilled paint mentioned above, plaintiff bent down to pick up a towel or towels from the storage room floor and when she raised back up, she hit her head on the forks of the forklift that were left suspended in the air causing severe and permanent injuries, including, but not limited to a closed head injury.

22. Plaintiff attempted to ascertain the identity of Defendant Jane Doe from her employer on several occasions, but was denied such information and was also denied a copy of the incident report applicable her injuries described above.

### COUNT I – NEGLIGENCE
### (Defendant Jane Doe, Inc.)

23. Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

24. Defendant Jane Doe had a duty to ensure that its representatives and/or employees operated and parked the forklift in a prudent and safe manner to minimize the risk of serious injury or death to individuals working at the paint store, including Mercedes Newkirk.

25. Defendant Jane Doe breached the duties it owed to the plaintiff, Mercedes Newkirk, when its representative(s)/employee(s) negligently failed to safely operate and park the forklift, including, but not limited to, parking the forklift with the forks left suspended in the air.

26. Defendant is liable for the negligence of its representatives, employees, agents and servants through the doctrine of *respondeat superior*.

27. As a direct and proximate result of the above mentioned actions and omissions, constituting negligence, gross negligence and recklessness on the part of Defendant Jane Doe, as described in this Complaint, plaintiff suffered severe and permanent injuries including, but not limited to, a closed head injury. These injuries have resulted in great pain and suffering to mind and body. She has endured medical procedures, medications and incurred medical expenses, lost wages and loss of enjoyment of life and will continue to suffer these damages in the future.

28. As a result of the actions and inactions of Defendant Jane Doe, as described above, plaintiff is entitled to punitive damages to the maximum extent allowable by West Virginia law.

## COUNT II - DELIBERATE INTENT
### (Defendant Sherwin-Williams)

29. Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

30. Defendant Sherwin-Williams, as supervisors and operators of the paint store, had a duty to ensure that its premises was safe; this included the duty to follow all applicable safety regulations, laws and industry standards to insure, among other things, that the forklift was operated and parked in a prudent and safe manner by qualified individuals to minimize the risk of serious injury or death to individuals working at the paint store, including Mercedes Newkirk.

31. The conduct of Defendant Sherwin-Williams, as previously described in this Complaint, constitutes acts of deliberate intention to produce the injuries described herein within the scope and meaning of *West Virginia Code* § 23-4-2(d)(2)(ii).

32. The acts and omissions of Defendant Sherwin-Williams, as described above, including, but not limited to, ensuring that the forklift was operated and parked in a prudent and safe manner by qualified individuals, created specific unsafe working conditions which presented a high degree of risk and a strong probability of serious injury or death to Mercedes Newkirk.

33. Defendant Sherwin-Williams had actual knowledge of the existence of the unsafe working conditions and of the high degree of risk and strong probability of serious injury or death presented by such specific unsafe working conditions described herein.

34. The specific unsafe working conditions described above were violations of state or federal safety statutes, rules or regulations, whether cited or not, or of commonly accepted and well-known safety standards within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statutes, rules, regulations or standards were specifically

applicable to the particular work and working condition involved, as contrasted with statutes, rules, regulations or standards generally requiring safe workplaces, equipment or working conditions.

35. Notwithstanding the existence of the specific unsafe working conditions, the knowledge of Defendant Sherwin-Williams and applicability of the unsafe working conditions to the duties required of Mercedes Newkirk, Defendant Sherwin-Williams nevertheless intentionally exposed her to the specific unsafe working conditions described herein.

36. As a proximate result of the conduct of Defendant Sherwin-Williams as described herein, Plaintiff Mercedes Newkirk suffered severe and permanent injuries including, but not limited to, a closed head injury. These injuries have resulted in great pain and suffering to mind and body. She has endured medical procedures, medications and incurred medical expenses, lost wages and loss of enjoyment of life and will continue to suffer these damages in the future.

## PRAYER

WHEREFORE, plaintiff, Mercedes Newkirk, demands judgment against the defendants in an amount that will adequately and fairly compensate her for her damages as follows:

a. Medical expenses, past and future;

b. Pain and suffering, past and future;

c. Loss of the ability to enjoy life, past and future;

d. Emotional distress and mental anguish, past and future;

e. Annoyance and inconvenience, past and future;

f. Lost wages, past and future;

g. Scarring and disfigurement;

h. Punitive damages from Defendant Jane Doe;

i. Attorney's fees, costs and expenses associated with prosecuting this action;

j. Prejudgment and post-judgment interest; and

k. Any other relief to which the plaintiffs appear to be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

            **MERCEDES NEWKIRK,**
            **Plaintiff,**

            By Counsel

_____
Brian L. Ooten (WVSB #9358)
SHAFFER & SHAFFER, PLLC
330 State Street
P.O. Box 38
Madison, WV 25130
Telephone: (304) 369-0511
Fax: (304) 369-5431
Email: booten@shafferlaw.net