# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

MERCEDES NEWKIRK,

        Plaintiff,

v.                               CIVIL ACTION NO.  5:17-cv-03165

THE SHERWIN-WILLIAMS COMPANY
and JANE DOE, INC.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant The Sherwin-Williams Company's Motion to Dismiss for Failure to Join Indispensable Party* (Document 19) and supporting memorandum (Document 20), the *Plaintiff's Response in Opposition to Defendant The Sherwin-Williams Company's Motion to Dismiss for Failure to Join Indispensable Party* (Document 21), and *Defendant The Sherwin-Williams Company's Reply in Support of Motion to Dismiss for Failure to Join Indispensable Party* (Document 24). The Court has also reviewed the *Plaintiff's Motion for Leave to File an Amended Complaint & to Set Aside Scheduling Order* (Document 22) and supporting memorandum (Document 23), and *Defendant The Sherwin-Williams Company's Response to Plaintiff's Motion for Leave to File an Amended Complaint* (Document 25).

In her *Complaint* (Document 1-2), Plaintiff Mercedes Newkirk alleges that she was employed as a sales associate at a Sherwin-Williams store in Beckley, West Virginia. Employees or representatives of a Jane Doe carpeting company that regularly did business with Sherwin-

Williams were operating a forklift in a storage room when Ms. Newkirk was directed to clean up spilled paint in the area. Ms. Newkirk suffered injuries when she hit her head on the forks of the forklift. She asserted a negligence claim against Jane Doe, Inc., and a deliberate intent claim against Sherwin-Williams.

The Court entered a *Scheduling Order* (Document 7) on July 14, 2017. Joinder of parties and submission of amended pleadings were due by September 25, 2017. On December 18, 2017, Sherwin-Williams filed its motion to dismiss, asserting that the Plaintiff's claim should be dismissed for her failure to join the party identified as "Jane Doe, Inc." in the complaint. Sherwin-Williams asserts that it provided the Plaintiff with information identifying Jane Doe 'as a sole proprietor named Chris Carey" in discovery responses served on September 5, 2017. (Def.'s Mem. at 2.) Sherwin-Williams argues that it is only proper to use a Jane Doe placeholder party when the identity of the party is unknown, and that the Plaintiff was obligated to make Mr. Carey a party upon learning of his identity. It further argues that Mr. Carey is an indispensable party based on the Plaintiff's allegations and the need to appropriately apportion relief among the parties. Sherwin-Williams notes that discovery deadlines (which have now passed) were fast approaching when it filed its motion.

The Plaintiff argues that Sherwin-Williams refused to provide her with the identity of Jane Doe, Inc., until discovery began in this lawsuit, and that Sherwin-Williams could also have joined Chris Carey to the action. The Plaintiff filed a motion to amend her complaint to add Chris Carey as a defendant contemporaneously with her response to Sherwin-Williams motion to dismiss. Plaintiff's counsel concedes that an earlier motion to amend would have been ideal, and attributes

the delay to a busy workload and Sherwin-Williams' assurance that it would not object to the anticipated amendment.

Should the motion to dismiss be denied, Sherwin-Williams does not object to the filing of the amended complaint. Both parties request that a new Scheduling Order be entered if the Court permits the Plaintiff to amend her complaint to join Mr. Carey.

Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to assert a defense by motion for failure to join a party required under Rule 19. Fed. R. Civ. P. 12(b)(7). If joinder of the required party is feasible, and the existing parties have failed to join it, the party may be joined by court order. *Id.* 19(a)(2). Dismissal based on nonjoinder is disfavored. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999). Therefore, courts conduct a two-step inquiry. First, courts consider whether a party is necessary "because of its relationship to the matter under consideration." *Id.* at 440. Next, "[i]f a party is necessary, it will be ordered into the action." *Id.* Only when a party cannot be joined will the court "determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Id.* (noting that joinder is not feasible in a diversity case if the required party would destroy diversity jurisdiction).

Here, the parties are in agreement that Mr. Carey is a necessary party and that joinder is feasible. Therefore, the Court **ORDERS** that *Defendant The Sherwin-Williams Company's Motion to Dismiss for Failure to Join Indispensable Party* (Document 19) be **DENIED**.[1] The Court further **ORDERS** that the *Plaintiff's Motion for Leave to File an Amended Complaint & to*

---

1 The Court certainly does not condone the Plaintiff's counsel's failure to comply with the deadlines contained in the scheduling order. Ignoring such deadlines disrespects the Court and opposing counsel, and puts the client's interests at risk. However, the Court does not find dismissal to be an appropriate sanction for the failure to comply with the scheduling order in this instance.

*Set Aside Scheduling Order* (Document 22) be **GRANTED** and that the proposed *Amended Complaint* (Document 22-4) attached as an exhibit to the motion be **FILED as a separate docket entry**. The Court further **ORDERS** that the *Scheduling Order* (Document 7) be **SUSPENDED** and that a new scheduling order be entered after Mr. Carey makes an appearance in the case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    May 22, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA